

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

```
RRM:DRA
F. #2004R00374
```

*One Pierrepont Plaza*

*Brooklyn, New York  11201*

*Mailing Address*:   147 Pierrepont Street
                     *Brooklyn, New York 11201*

March 21, 2005

BY HAND

The Honorable Frederic Block
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. Josue Flores Carreto, et al.
            Criminal Docket No. 04-140 (S-1) (FB)

Dear Judge Block:

       The government respectfully submits this letter to request that prospective jurors in the trial of the above-captioned matter be asked the questions listed below, and to ask that the Court make the following introductory remarks.  We recognize that the requested voir dire is lengthy, but the delicate nature of the case – involving forced prostitution, rape, testimony about sex acts, prison tapes, and witnesses who entered the country illegally – make it imperative that jurors' attitudes and potential biases be probed thoroughly.  If the Court wishes, the government is willing to convert the questions below into a written questionnaire to be used during jury selection.  Following are our suggestions:

I.    <u>Introductory Remarks</u> (in addition to the Court's usual introductory remarks)

       During the course of jury selection, I will be asking you a number of questions designed to inform the parties a little bit about each of you.  The questions are not designed to pry or to embarrass you, but rather to enable the parties to make informed decisions in jury selection.  In part, this means that it is important to know that you are able to be fair and impartial in this case.  Both sides in this case, the defendants and the government,

have a right to expect that you will be fair and impartial in deciding this case.

The term "fair and impartial" may be subject to many interpretations, so let me take a moment to explain what we mean when we ask you whether you can be fair and impartial. First and foremost, it means that you will afford each defendant the presumption of innocence as I have just defined it, and hold the government to its burden of proving each element of the offense charged beyond a reasonable doubt. Second, it means that you will decide the case based solely on the evidence presented before you and the law as I instruct you, and not on any extraneous considerations, such as bias, sympathy, prejudice, or anything you might have previously heard about the case. Third, it means that if you are not convinced that the government has met its burden, you should vote not guilty on that particular charge. Finally, it means that if the government overcomes its burden of proof beyond a reasonable doubt, you should vote guilty on that particular charge.

Authority: Charge of the Honorable John Gleeson, United States v. Dennis Gaito, EDNY, 99 CR 1167 (S-1) (JG).

II. Jurors' Background

We respectfully request that the Court inquire as to the following:

(1) Educational background;
(2) Military background;
(3) Present employment and job duties;
(4) Significant past employment;
(5) General area of residence and whether the juror owns her home or rents;
(6) People who live with juror and their occupation;
(7) Marital and parental status, including spouse or significant other's and children's employment;
(8) Union membership and membership in any clubs or organizations;
(9) Newspapers and periodicals regularly read;
(10) Leisure activities;
(11) Whether the juror or any family member or close friend, has ever worked for a criminal defense lawyer, immigration lawyer or private investigator;
(12) Whether the juror or any relatives or close friends are judges, law clerks, court attendants, court clerks, other types of court personnel, probation officers, or

3

    persons connected with any penal institution, jail or penitentiary, a criminal rehabilitation program such as a Halfway House, a narcotics prevention program, a victim-services organization, a parole board, a crime prevention board, including youth programs, or the like;
(13) Whether the juror or a family member or close friend has ever been charged with a crime or been the subject of a criminal investigation;
(14) Whether the juror has ever appeared or testified as a witness in any investigation or legal proceeding;
(15) Whether the juror or any family member or close friend was ever involved in a dispute with the federal, state, or local government (e.g. IRS, local tax authorities);
(16) Whether the juror or any family member has sued anyone or been sued by anyone;
(17) Whether the juror or any family member or close friend has ever been the victim of a crime and whether they were satisfied with any law enforcement's response.
(18) Whether the juror knows the judge, the defendants, any of the lawyers, prosecutors or the agents in this case?
(19) Whether the juror knows any of the witnesses who will be presented or persons whose names will be mentioned throughout the course of this trial?  (The government will submit its witness list prior to the commencement of jury selection on April 4, 2005.)

III. Case-Specific Information

  This trial will involve charges that the defendants, Josue Flores Carreto, Gerardo Flores Carreto, and Daniel Perez Alonso, as part of what the government alleges was a long-standing conspiracy, smuggled young women from Mexico into the United States for the purpose of having them work as prostitutes in the New York area, through the use of force, fraud or coercion.  To determine the potential biases of the jurors with respect to this case, we ask that the Court ask the following questions:

  A. Immigration and Human Trafficking

  (1) Do any of you know anyone employed by Immigration and Customs Enforcement or Citizenship and Immigration Services (both formerly known as INS)?

  (2) Are any of you familiar with or have you previously heard of the facts of this case, either by word-of-mouth or through the news media?

4

      a. (If applicable) What have you heard or read?

      b. Have you formed an opinion about the guilt or innocence of the defendants based on what you heard or read?

      c. Would it be difficult for you to completely disregard what you heard or read about the case and determine the guilt or innocence of the defendants solely on the evidence presented to you?

(3) You will hear evidence that the women whom the government alleges were victims of sex trafficking and forced labor in this case entered the United States illegally, without permission from immigration authorities.

Does anyone feel that people who illegally enter the United States are not entitled to seek help from the government if they are the victims of crime?

Does anyone feel that people who come into this country illegally can never be the victims of crime because of their illegal immigration status?

Do any of you disapprove of laws which prohibit people from bringing illegal aliens into this country?

(4) I understand that some of the women whom the government claims were victims of the crime have been provided temporary legal status to live and work in the United States during the pendency of the criminal prosecution. I instruct you that this is entirely lawful, and that you may consider it in assessing the credibility of these witnesses.

Nevertheless, would the fact that these witnesses have been given such temporary legal status by the government prevent you from deciding this case impartially and solely upon the evidence presented to you?

(5) Would the fact that a person entered this country illegally make you less likely to believe their testimony?

(6) Have any of you or your family members or close friends

5

      had any involvement with immigration authorities in the United States?

      If so, please describe (a) the type of involvement, (b) whether criminal charges were involved, and (c) whether and to what extent you or your family members or close friends were satisfied with the interactions with immigration authorities.

(7)  Do you or your family members work with or contribute financially to any organization, charity or religious group (a) that is responsible for assisting immigrants or refugees that come to the United States or (b) dedicated to monitoring human rights violations or civil rights violations

(8)  Do you or any family members or close friends work with or contribute to any organization dedicated to restricting immigration, or halting or slowing down the flow of immigrants, to the United States?

_____(9)  Have any of you or your family members and close friends had any negative experiences with foreigners or persons who are not citizens of the United States?

(10)  Do any of you hold any opinion at all about immigrants, legal or illegal, that makes you unable to judge the evidence in this case fairly and impartially and render a verdict based solely on that evidence?

B.   <u>Prostitution</u>

(1)  This case will involve testimony about prostitution. Are there any members of the jury that feel that prostitution in general should be legalized?  Do any of you feel that prostitution of minors – that is, prostitution of girls under the age of 18 – should be legalized?

(2)  Similarly, some of the testimony in the case will involve graphic descriptions of sexual acts, including rape, and certain sexual paraphernalia will be offered into evidence.  Is anyone uncomfortable with the prospect of listening to such testimony?

      Does anyone feel that the nature of such testimony would make it difficult to judge the evidence in this case fairly and impartially and render a verdict based

    solely on that evidence?

(3) Do any of you feel that it should be legal to procure young women to work as prostitutes through the use of force, fraud or types of coercion?

(4) A number of the witnesses who will testify were involved in prostitution.  Is there anyone who would disbelieve a person's testimony simply because the witness has been involved in prostitution?

(5) Do you or your family members or close friends know anyone who has been a victim of prostitution by force, fraud or coercion?

C. <u>Investigative Techniques</u>

(1) I am told that some of the evidence that will be presented in this trial will be the testimony of a cooperating individual or individuals who pled guilty to certain crimes and have agreed to testify on behalf of the government in exchange for the hope of leniency.

   I instruct you that it is entirely permissible for the government to enter into such cooperation agreements with such individuals.  Nonetheless, is there anyone here who has any strong opinions about the use of such cooperating witnesses?  If so, please describe.

   Would the fact that these cooperating individuals will be testifying for the government prevent you from deciding this case impartially and solely upon the evidence presented to you?

(2) I am told that some of the evidence that will be presented in this trial will be tape recordings, lawfully made pursuant to routine monitoring of telephone calls made by one or more of the defendants while they were being held in a detention center pending trial.

   I have two instructions based on these recordings.  First, you are not to consider the fact that the defendant making the calls was incarcerated in determining whether the government has proven his guilt; such a fact is irrelevant to the charges here.  Second, I instruct you that it is entirely appropriate for correctional officials to make such recordings.

7

      Nonetheless, would the fact that a defendant's conversations were recorded by government officials prevent you from deciding this case impartially and solely upon the evidence presented to you?  Can you follow my instructions and not hold against the defendant the fact that he was in detention pending trial?

IV.   <u>Bias or Sympathy</u>

    (1)   Is there anything about this case that causes you to favor one side over the other?

    (2)   Do you have any knowledge about the parties or the case that might influence you in deciding the case?

    (3)   Would you be able to follow and apply the law, even if you disagree with it?

    (4)   Would you be able to set aside any sympathies or biases you may have for any of the parties, in reaching a verdict?

    (5)   Will you be able to wait until all the evidence is in before making up your mind?

                                            Respectfully submitted,

                                            ROSLYNN R. MAUSKOPF
                                            United States Attorney

                            By:   _____
                                  Daniel R. Alonso
                                  Assistant U.S. Attorney
                                  (718) 254-6150

cc:   Counsel on Attached List (via facsimile)
      Clerk of the Court (FB)

<u>ATTACHMENT</u>

<u>Counsel List</u>

Telesforo Del Valle Jr., Esq.
41 Madison Avenue
New York, NY 10010-2202
(Josue Flores Carreto)

Michael Musa-Obregon, Esq.
400 Madison Avenue, 11th Floor
New York, NY 10017
(Gerardo Flores Carreto)

Allen Lashley, Esq.
16 Court Street, Suite 1210
Brooklyn, NY 11241
(Daniel Perez Alonso)