UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
UNITED STATES OF AMERICA,

   -against-

JOSUE FLORES CARRETO,

        Defendant.

--------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 04-CR-140 (FB)

*Appearances:*
*For the United States of America:*
SAMUEL RAKEAR
Special Assistant U.S. Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

*For the Defendant:*
JOSUE FLORES CARRERO, *pro se*
70716-053
FCI Marianna
Post Office Box 7007
Marianna, Florida 32447

**BLOCK, Senior District Judge:**

Josué Flores Carreto is currently serving a sentence of 50 years' imprisonment for sex trafficking and other offenses related to his decade-long participation in an operation that forced more than 50 young women in Mexico into prostitution in the United States. He is scheduled to be released on February 16, 2049.

Carreto unsuccessfully appealed. He now moves for compassionate release pursuant to 18 U.S.C. § 3582(c). For the following reasons, the motion is denied.

As the Court explained in *United States v. Tavarez*, 747 F. Supp. 3d 557 (E.D.N.Y. 2024), a motion for compassionate release requires a district court to "determine [whether] three independent, necessary requirements have been

satisfied: (1) the defendant has exhausted administrative remedies; (2) an extraordinary and compelling reason exists for sentence reduction; and (3) the [18 U.S.C.] § 3553(a) factors warrant reduction." *Id*. at 559. The government concedes that Carreto's warden denied a motion for compassionate release on October 3, 2024, but argues that Carrero failed to administratively appeal the denial. The Court need not address exhaustion, however, because Carreto's motion does not satisfy the second requirement in any event.

Although district courts' discretion to determine what reasons are "extraordinary and compelling" is broad, *see United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020), it is not unlimited. In a pair of cases decided last month, the Supreme Court held that compassionate release cannot override Congress's decision not to make a change in the law retroactive, *see Rutherford v. United States*, 608 U.S. ___, 146 S. Ct. 1320 (2026), and to provide different procedures for challenging a conviction or sentence, *see Fernandez v. United States*, 608 U.S. ___, 146 S. Ct. 1292 (2026).

Carreto's motion does not rely on such grounds. He does, however, invoke another common argument in favor of compassionate release: extensive rehabilitation efforts while incarcerated. Consideration of "rehabilitation…alone" is prohibited, *see* 28 U.S.C. § 994(t), but a court may find that "rehabilitation plus"—"meaning rehabilitation in conjunction with other appropriate factors"—

2

warrants consideration of compassionate release. *United States v. Johnson*, 754 F. Supp. 3d 305, 311 (E.D.N.Y. 2024) (internal quotation marks omitted).

Carreto proposes three "plus" factors: (1) his inability to accept a global plea offer due to his co-defendant's intransigence, (2) the disproportionate length of his sentence, and (3) his inevitable removal from the United States at the completion of his sentence. The Court concludes that none of the three is a compelling and extraordinary reason.

Assuming for the sake of argument that Carreto chose to plead guilty to the entire 27-count indictment after jury selection only because his co-defendant Daniel Alonso would not accept an earlier global plea offer, that fact did not influence the Court's sentencing decision. While the Court was frustrated at having to abort a trial at the veritable eleventh hour, it did not visit that frustration upon Carreto. On the contrary, the Court emphasized that Carreto faced a difficult (but legally permissible) dilemma.

With respect to the length of his sentence, Carreto cites other sex-trafficking cases in which the defendant received a sentence less than his. The Court previously considered the relative length of Carreto's sentence as part of its duty to "avoid unwarranted sentence disparities," 18 U.S.C. 18 U.S.C. § 3553(a)(6), recognized that a 50-year sentence was particularly harsh, but concluded a sentencing of that length was "sufficient, but not greater than necessary,"

3

considering the heinous "nature and circumstances of the offense" and some of the deplorable "characteristics of the defendant," *id.* § 3553(a)(1). Even to the extent Carreto cites cases decided after his sentence was imposed, he provides no details suggesting that the offense conduct was even remotely comparable to his own.

The fact that a sentence reduction means that Carreto will face removal proceedings sooner is not "extraordinary" because it is a consequence faced by any non-citizen defendant. It is not compelling because the Court considered that consequence at the time of sentencing, *cf. United States v. Johnson*, ___ F. Supp. 3d ___, 2026 WL 1328288, at *3 (E.D.N.Y. May 13, 2026) ("[Reliance on] factors already considered at sentencing strikes the Court as trying to get a second bite of the apple." (internal quotation marks omitted)), and because it falsely equates removal with the need to punish offenders, *see* 8 U.S.C. § 1231(a)(4)(A) ("[T]he Attorney General may not remove an alien who is sentenced to imprisonment until the alien is released from imprisonment.")

Even if there were extraordinary and compelling reasons to consider compassionate release, reconsideration of the § 3553(a) factors would lead the Court to the same conclusion it reached in 2006: Carreto spent more than ten years using deception, coercion, and violence to convince vulnerable young women to travel to New York so that he and his co-defendants could profit from forced prostitution. Notwithstanding anything that has happened since, his actions still

merit his original sentence.

For the foregoing reasons, Carreto's motion for compassionate release is denied.

**SO ORDERED.**

\_/S/ Frederic   Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 24, 2026